UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| T. HUSPON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00183-JRS-MG |
| | ) |
| MICHAEL MITCHEFF, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Requests for Injunctive Relief**

Plaintiff Terry Huspon alleges in this civil rights action that the defendants have failed to provide him with adequate medical care for an infection in his leg. He seeks injunctive relief in the form of all necessary medical care for this condition. For the following reasons, Mr. Huspon's requests for injunctive relief are denied.

**I. Background**

Mr. Huspon injured his leg in July 2020 when he fell on a rock while playing ball. Dkt. 25 at 2. Defendant Dr. Knieser told him to put an ice pack on his injury, and he did so. *Id.* Mr. Huspon experienced swelling and burning pain. *Id.* He also developed a deep hematoma.[1] Dkt. 42-1 ¶ 5.

Defendant Dr. Samuel Byrd examined Mr. Huspon on March 29, 2021. *Id.* ¶ 6. Mr. Huspon complained of burning pain down his leg, along with intermittent swelling. *Id.* Mr. Huspon believed he had a MRSA infection in his leg, but Dr. Byrd saw no indication of an infection. *Id.*

Dr. Byrd saw Mr. Huspon again about a month later. *Id.* ¶ 7. Mr. Huspon again stated his belief that he had an infection in his leg. *Id.* Dr. Byrd still saw no indication of infection but offered

---

[1] A hematoma is "a mass of usually clotted blood that forms in a tissue, organ, or body space as a result of a broken blood vessel." Merriam-Webster, *Hematoma*, https://www.merriam-webster.com/dictionary/hematoma (last visited Oct. 21, 2021).

to have Mr. Huspon undergo an EMG study to determine whether Mr. Huspon's pain was caused by nerve damage. *Id.* Mr. Huspon declined an EMG and requested an MRI. *Id.* Dr. Byrd discussed the case with Assistant Regional Medical Director Dr. Pierce. *Id.* Dr. Pierce agreed that Mr. Huspon's condition was not consistent with an infection and recommended increasing Mr. Huspon's medication for pain. *Id.*

Dr. Byrd saw Mr. Huspon again about a month after that. *Id.* ¶ 8. Contract monitor Mark Smith and Dr. Naveen Rajoli were at this visit because Mr. Huspon had complained that his condition was not being taken seriously. *Id.* Drs. Byrd and Rajoli agreed that a physical exam of Mr. Huspon did not show any infection. *Id.* Because Mr. Huspon stated that his current pain medication was not working and was causing side effects, Drs. Byrd and Rajoli agreed to change it. *Id.* Dr. Byrd believed that Mr. Huspon's pain was caused by trauma of the muscle from the hematoma pressing on a nerve. *Id.*

Dr. Byrd had another follow-up with Mr. Huspon about a month later. *Id.* ¶ 9. Mr. Huspon still believed that his leg was infected, and Dr. Byrd still found no signs of infection. *Id.* Mr. Huspon again asked for an MRI or CT scan, but Dr. Byrd did not believe those tests would be helpful. *Id.* Dr. Byrd discontinued Mr. Huspon's current pain medication and ordered Lidoderm patches for pain relief. *Id.*

## II. Discussion

As explained below, Mr. Huspon has not established his right to injunctive relief. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations

omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

To state a valid Eighth Amendment claim for inadequate medical care, Mr. Huspon must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While Mr. Huspon has not presented evidence to support a conclusion that his leg is infected, the Court presumes that Mr. Huspon's condition, including his pain, is a serious medical need. The defendants argue, however, that they have not been deliberately indifferent to that condition. To demonstrate deliberate indifference to a serious medical condition, Mr. Huspon must show that the defendants' medical decisions were "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [they] ... did not base the decision[s] on such a judgment." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017).

Mr. Huspon has failed to show a likelihood of success on the merits of his claim. He has been seen regularly for his leg pain. Each time he has been seen, Dr. Byrd has examined him and adjusted his pain medicine. Dkt. 42-1 ¶ 7-9. Dr. Byrd also recommended an EMG to determine whether Mr. Huspon has nerve damage that is causing his pain. *Id.* ¶ 7. Mr. Huspon declined the EMG and requested an CT scan or MRI, but Mr. Huspon is not entitled to demand specific

treatment. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). And, Mr. Huspon has not shown that Dr. Byrd failed to exercise his medical judgment in recommending an EMG and providing pain medication. *See Proctor*, 863 F.3d at 568.

The defendants also argue that Mr. Huspon has not shown that he will suffer irreparable harm. "Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for . . . . [T]he injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997). "[H]arm is considered irreparable if it "cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified Sch.l Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). "The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker*, 858 F.3d at 1046. "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304).

Mr. Huspon believes that he may lose his leg because of the alleged infection. But he has presented no evidence to support a conclusion that his leg is, in fact, infected or that he is at risk of losing it. And, while significant pain is an irreparable harm that has no adequate remedy at law, the defendants have shown that they have been evaluating his pain and attempting to treat it. Mr. Huspon has presented no evidence to show that Dr. Byrd will not continue attempting to treat his pain. He therefore has failed to show that he has no adequate remedy at law or that he will suffer irreparable harm.

### III. Conclusion

As discussed above, plaintiff Terry Huspon is not entitled to injunctive relief. Accordingly, his motions for injunctive relief, dkt. [25] and dkt. [38], are **denied**. His motion seeking a ruling, dkt. [36], is **granted** to the extent that the Court has ruled on his motions.

**IT IS SO ORDERED.**

Date: ___10/22/2021___

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

T. HUSPON
882533
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com