UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| T. HUSPON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00183-JRS-MG |
| | ) | |
| MICHAEL MITCHEFF, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Terry Huspon, an inmate of the Indiana Department of Correction ("IDOC") at Wabash Valley Correctional Facility ("WVCF"), filed this civil rights lawsuit alleging that the defendants have failed to provide him with necessary treatment for an infection in his leg. The defendants seek summary judgment arguing that Mr. Huspon failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e, before filing this lawsuit. For the following reasons, the defendants' motion for summary judgment is **GRANTED**.

**I. Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the Court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the

nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Facts

Mr. Huspon was incarcerated at Pendleton Correctional Facility ("PCF") and then transferred to WVCF during the timeframe relevant to his claims. Dkt. 53-1 ¶ 10. The IDOC maintains a grievance process for inmates that is meant to provide administrative means by which inmates may resolve concerns and complaints related to the conditions of their confinement. *Id.* ¶ 6. The grievance procedures are noted in Admission & Orientation paperwork provided to inmates upon their arrival at an IDOC facility. *Id.*

The grievance process consists of three steps: (1) an "Offender Grievance" submitted no later than 10 business days from the date of the incident; (2) an appeal to the Warden/Designee; and (3) an appeal to the Offender Grievance Manager. *Id.* ¶ 8. Successful exhaustion of the grievance procedure requires timely pursuit of each step in the formal process. *Id.* ¶ 9.

Mr. Huspon filed his complaint in this case on April 14, 2021, dkt. 1, and his amended complaint on June 17, dkt. 29. Before he filed the complaint, he filed several grievances in late 2020 regarding his medical care. *See* dkt. 56-1 at 22, 50, 66, 67. Many of those grievances were returned and not processed because they identified multiple issues on multiple dates or were submitted too late based on the date of the incident identified on the grievance, *id.* at 71, 73, 75, 79. One grievance form, which was returned on September 29, 2020, contained the explanation: "If this is still an issue please use a date within the last 10 business dates, also submit a HCRF to medical." *Id.* at 79. Mr. Huspon then filed a grievance on November 11, 2020, that was processed and denied on December 20, 2020. *Id.* 68. There is no record that Mr. Huspon appealed that denial. *See* dkt. 53-3 at 2 (noting denial of grievance, but not noting an appeal).

Mr. Huspon also filed grievances in the spring and summer of 2021. *See* dkt. 56-1 at 11-12. Several of those were returned because he did not include an incident date. *See id.* at 14, 17. Most recently, Mr. Huspon filed a grievance in June of 2021. *Id.* at 25.

### III. Discussion

The defendants argue that Mr. Huspon failed to exhaust his available administrative remedies because, while he filed grievances regarding his medical treatment, he did not appeal those grievances.

### A. Applicable Law

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust

administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### B. Mr. Huspon's Use of the Grievance Process

The defendants seek summary judgment based on Mr. Huspon's failure to exhaust his available administrative remedies arguing that Mr. Huspon did not complete the grievance process for any of his grievances before he filed this lawsuit.

It is undisputed that Mr. Huspon did not file a grievance, appeal to the Warden, and appeal to the Offender Grievance Manager before he filed this lawsuit. Mr. Huspon argues that the grievance process was unavailable to him because when Cristina Conyers, who processed his grievances at PCF, returned them to him, she crossed out the statement at the bottom of the Return of Grievance form that provides: "If you choose to correct the problem(s) listed above, you must do so and re-submit this form within (5) business days." Dkt. 56 at 2. But a review of the Return of Grievance forms that Mr. Huspon submitted in support of this argument reveals that, while this information is crossed out, those forms also provided an explanation of the rejection of the grievance. *See* dkt. 56-1 at 71 (grievance returned because it was filed too late and concerns multiple issues or dates); 73 (returned as filed too late); 75 (returned as filed too late). To the extent Mr. Huspon contends that these grievances should not have been rejected as late, strict compliance with the grievance policy is required. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). And, to the extent Mr. Huspon argues that his grievances were rejected without a proper explanation of how to cure their deficiencies, one of

4

the Return of Grievance forms explained: "If this is still an issue please use a date within the last 10 business dates, also submit a HCRF to be seen by medical." *Id.* at 79. This provided a clear explanation for how Mr. Huspon could submit a timely grievance regarding his medical care complaint. Mr. Huspon then filed a timely grievance, which was denied. *Id.* at 68. But there is no record that he appealed this denial, *see* dkt. 53-3 at 2, and therefore no evidence that he completed the grievance process as to this grievance.

Mr. Huspon may have completed the grievance process after his transfer to WVCF. He filed grievances there in May and June of 2021. Dkt. 56-1 at 11-12. While some were returned, one of those was processed and denied on July 2, 2021. *Id.* at 52. He appealed later that month. *Id.* at 27. But even if Mr. Huspon completed the grievance process for his claims in this case in the summer of 2021, he did so *after* he filed this lawsuit. This does not satisfy the requirement of the PLRA that he complete the grievance process *before* filing suit. *See Ford*, 362 F.3d at 397 ("Ford's real problem … is timing. Section 1997e(a) says that exhaustion must precede litigation.").

Because Mr. Huspon did not complete the grievance process as to any of his grievances before he filed this lawsuit, the defendants are entitled to summary judgment and this action must be dismissed without prejudice.

### IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [51], is **granted**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 12/21/21

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

T. HUSPON
882533
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel